UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 8:01-CR-19-T-17CPT

WALTER LEE JONES, JR.

_____/

ORDER

This cause is before the Court on:

Dkt. 71    First Step Memorandum
Dkt. 76    Motion for Reduction of Sentence Pursuant to
           the First Step Act of 2018
Dkt. 78    Response

Defendant Walter Lee Jones Jr. moves for a reduction of sentence pursuant to 18 U.S.C. Sec. 3582(c)(1)(B) and Section 404 of the First Step Act of 2018. Defendant Jones seeks a reduction of sentence from 262 months to 188 months, to be followed by 4 years of supervised release.

The Government does not dispute Defendant Jones' modified statutory penalty provision, revised advisory guidelines range, or First Step eligibility. The Government opposes Defendant Jones' request for reduction of sentence based on Defendant Jones' criminal history, prison disciplinary record and untreated substance abuse issues.

I.    Background

Defendant Jones entered a plea of guilty to Count 3 of the Indictment, charging Defendant Jones with distribution of 50 grams or more of cocaine base,

in violation of 21 U.S.C. Secs. 841(a)(1) and 841(b)(1)(A)(iii). Defendant Jones was sentenced on February 15, 2002 to a term of imprisonment of 262 months, to be followed by a 5-year term of supervised release. (Dkts. 31, 32).

On March 10, 2008, Defendant Jones, pro se, moved for a reduction of sentence pursuant to 18 U.S.C. Sec. 3582. (Dkt. 35). The Court denied the Motion. (Dkt. 48). Defendant Jones appealed the denial. (Dkt. 49). On November 19, 2009, the Eleventh Circuit Court of Appeals affirmed. (Dkt. 58).

On November 13, 2015, Defendant Jones moved for a reduction of sentence pursuant to Amendment 782. (Dkt. 60). Counsel was appointed for Defendant Jones. (Dkt. 61). An Amendment 782 Memorandum was filed, which indicates that Defendant Jones was not eligible for relief, as Defendant was sentenced as a career offender. (Dkt. 63). The Court denied Defendant Jones' Motion. (Dkt. 70).

II.   Discussion

Section 404 allows the Court to reduce a defendant's sentence for a crack cocaine offense, but only if the Court had imposed that sentence before another statute—the Fair Sentencing Act—lowered the statutory sentencing range for that crack cocaine offense. First Step Act, § 404(b). The First Step Act retroactively applies the Fair Sentencing Act's lower statutory sentencing ranges and allows the Court to bring past sentences into line with the lower ranges. The authority to reduce a sentence applies only to (1) federal offenses (2) committed before August 3, 2010, the effective date of the Fair Sentencing Act, (3) for which the Fair Sentencing Act changed the statutory penalty range, i.e., certain crack cocaine offenses. See First Step Act, § 404(a). Whether to reduce a sentence is at the discretion of the Court and is not

Case No. 8:01-CR-19-T-17CPT

required by the First Step Act. First Step Act, § 404(c). The Court may, but is not required to, reduce a defendant's sentence if application of a statutory range changed by the Fair Sentencing Act would have resulted in a sentence lower than the defendant's original sentence.

Defendant Jones was charged with 50 grams or more of cocaine base, and not at least 280 grams. This means that, after applying the Fair Sentencing Act retroactively, Defendant Jones is no longer subject to the statutory penalties of Sec. 841 (b)(1)(A), but is instead subject to the penalties set forth in Sec. 841(b)(1)(B). Defendant Jones' statutory sentencing range is 5 to 40 years, and 4 years of supervised release.

The guideline range that now applies to Defendant Jones has changed:

| Last Applied Guideline: | Amended Guideline: |
|---|---|
| Total Offense Level: 34 | Total Offense Level: 31 |
| Criminal History Category: VI | Criminal History Category: VI |
| Imprisonment Range: 262-327 months | Imprisonment Range: 188-235 months |
| Supervised Release Range: 5 years | Supervised Release Range: 4 years |
| Fine Range: $17,500 to $4,000,000 | Fine Range: $15,000 to $2,000,000 |

(Dkt. 71, p. 2).

A.  Eligibility

It is undisputed that Defendant Jones is eligible for a sentence reduction under section 2 of the Fair Sentencing Act, which increased the quantity of cocaine base required to trigger the statutory penalties in 21 U.S.C. Sec. 841(b)(1)(A). Defendant Jones' sentence was not previously imposed or reduced under the Fair Sentencing Act.

3

Case No. 8:01-CR-19-T-17CPT

Defendant Jones is eligible for a reduced sentence of 188 months imprisonment, or time served, whichever is greater, followed by a 4 year term of supervised release.

B.   Is Sentence Reduction Warranted?

The Section 3553(a) factors include:

1. the nature and circumstances of the offense and the history and characteristics of the defendant;

2. the need for the sentence imposed to reflect the seriousness of the offense;

3. the need for the sentence imposed to afford adequate deterrence;

4. the need to protect the public;

5. the need to provide the defendant with educational or vocational training or medical care;

6. the kinds of sentences available;

7. the Sentencing Guidelines range;

8. the pertinent policy statements of the Sentencing Commission;

9. the need to avoid unwanted sentencing disparities;

10. the need to provide restitution to victims.

See United States v. Smith, 568 F.3d 923, 928, n. 2 (11th Cir. 2009). The Court considers these factors in imposing sentence, to determine a sentence that is sufficient, but not greater than necessary.

Case No. 8:01-CR-19-T-17CPT

Although 18 U.S.C. Sec. 3582(c)(1)(b) does not refer to Sec. 3553(a), the Court notes the First Step materials offered by the United States Sentencing Commission, Office of Education and Sentencing Practice, state "[T]he courts should consider the guidelines and policy statements, along with the other 3553(a) factors, during the resentencing."

The Court has reviewed the pleadings and the record. Defendant Jones has remained in custody of the BOP for 17 years; Defendant Jones' current projected release date is June 11, 2021. BOP records indicate that Defendant Jones has completed 54 hours of educational classes while in custody.

The Court is troubled by Defendant Jones' disciplinary record while in custody, which includes some 42 disciplinary violations, with the last occurring in October, 2018. Many of the recent disciplinary violations involve possession of drugs and alcohol.

The Government argues that each disciplinary action represents a disrespect for authority and continuation of the behaviors that led to Defendant Jones' incarceration. The Government argues that the Court can consider Defendant Jones' need for rehabilitation in considering whether to reduce Defendant Jones' sentence.

Defendant Jones argues that the BOP has already sanctioned Defendant Jones for the disciplinary violations during the course of Defendant Jones' term of imprisonment. Defendant Jones further argues that the nonviolent nature of Defendant's disciplinary violations, and the prospective four-year term of supervised release, with its attendant conditions and the specter of revocation, should alleviate the concern with Defendant Jones' respect for authority.

Case No. 8:01-CR-19-T-17CPT

The Court notes that Defendant Jones asserts he is not a danger to the public, that Defendant has a home plan and his family's support, and technical skills by which Defendant Jones can support himself. (Dkt. 76-1).

Defendant Jones' extended and continuing history of disciplinary violations reflects a continuing disrespect for the law, and weighs heavily against a reduction of Defendant Jones' term of imprisonment. The Eleventh Circuit Court of Appeals has found a record of six infractions which included narcotics and refusal to obey orders showed disrespect for the law and a continued need for deterrence, such that the denial of Frazier's motion for a reduced sentence was not an abuse of discretion. See United States v. Craig Frazier, 554 Fed. Appx. 842 (11th Cir. 2014)(unpublished). Nevertheless, the Court will grant Defendant Jones' Motion for Reduction of Sentence with the hope that Defendant Jones will more effectively address Defendant's substance abuse issues while on supervised release.

After consideration, the Court grants Defendant Walter Lee Jones' Motion for Reduction of Sentence Pursuant to the First Step Act of 2018. Accordingly, it is

**ORDERED** that Defendant Walter Lee Jones, Jr.'s Motion for Reduction of Sentence Pursuant to the First Step Act of 2018 (Dkt. 71) is **granted**. Defendant Walter Lee Jones' term of imprisonment on Count 3 is reduced from 262 months to 188 months, or time served, whichever is greater, followed by a term of supervised release of 4 years. Except as provided in this Order, all other provisions of the Judgment dated February 15, 2002, entered on February 19, 2002, (Dkt. 32) remain in effect.

Case No. 8:01-CR-19-T-17CPT

**DONE and ORDERED** in Chambers in Tampa, Florida on this 24th day of April, 2019.

_____
ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:

All parties and counsel of record
U.S. Probation Office
Bureau of Prisons